993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 WHEATLEY GASO, INC., a Delaware corporation, Plaintiff-Appellant,
v.
ARROW VALVE CO., INC., a Kansas corporation, Defendant-Appellee.
 No. 92-5201.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Wheatley Gaso, Inc., appeals from two orders of the district court awarding and denying costs under Fed.R.Civ.P. 54(d). We affirm.
 
 
 3
 Wheatley filed an action under the Lanham Act seeking damages and injunctive relief against a Wheatley competitor, Arrow Valve Co. At issue was whether claims made by Arrow in one of its publications were false. Soon after the filing of the complaint, Arrow voluntarily removed the publication from the market. Thereafter, the district court held a hearing to determine whether a preliminary injunction should enter.
 
 
 4
 According to the limited record before us, the only issue to be resolved at that hearing was whether Arrow's voluntary action was sufficient to purge the market of its false claim. It does not appear that Arrow contested whether the claim was false but only whether further burdens should be placed upon it to overcome the effect of that claim. The court allowed the parties to file affidavits on the issue and ultimately ruled the voluntary effort was "inadequate and insufficient to remedy the violation." The court concluded a preliminary injunction should enter prohibiting reassertion of the false claim and requiring Arrow to notify all recipients of the claim that the assertion made by Arrow was false and retracted.
 
 
 5
 The case thereafter went to trial on the issue of damages, and the jury returned a verdict in favor of the defendant Arrow. Following trial, Arrow submitted its claim for costs pursuant to Rule 54(d). The clerk granted the claim. Wheatley objected, but the trial court sustained the clerk on the ground that Arrow had prevailed at trial and was entitled to its costs.
 
 
 6
 The district court then entered an order making permanent the preliminary injunction issued prior to trial. Wheatley then sought costs of its own, claiming to be a prevailing party under Rule 54(d). The clerk denied the application, but no explanation for that decision appears in the record before us.[1] Wheatley again objected, and the district court affirmed the clerk by a summary minute order. Wheatley appeals the orders granting Arrow's claim and denying its claim.
 
 
 7
 Although Wheatley blesses us with an exegesis on the definition of the term "prevailing party," it fails to acknowledge that Rule 54(d) provides costs shall be allowed to the prevailing party "unless the court otherwise directs." Omitting any recognition that the rule portends a claim for costs may be denied, Wheatley asserts it was the prevailing party and unequivocally entitled to its costs. In like manner, Wheatley also argues Arrow was not a prevailing party by simply ignoring the outcome of the trial on damages. These oversights of fact permit Wheatley to argue disingenuously the district court erred in its rulings.
 
 
 8
 We have previously ruled in a similar matter, but unfortunately, neither party cites the case. In Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 783 (10th Cir.1990), we held:
 
 
 9
 The trial court's decision whether or not to tax costs will be reversed only for an abuse of discretion. The court was within its discretion to refuse to award costs to a party which was only partially successful.
 
 
 10
 (citations omitted). As in Howell, Wheatley's success in this case, if any, was partial. Wheatley lost its claim for damages after a six-day trial and only won an injunctive order apparently conceded by its adversary.
 
 
 11
 Despite this singular outcome, Wheatley summarily states the district court erred by "denying Wheatley the status of prevailing party and failing to award costs." That bald statement misses at least three points.
 
 
 12
 First, there is nothing in the court's orders which suggests it denied Wheatley "the status of prevailing party." Second, Rule 54(d) on its face provides the district court with authority to deny costs to a prevailing party. Third, Wheatley cannot escape the undeniable fact that Arrow was a prevailing party.
 
 
 13
 Yet, Wheatley attempts to justify its entitlement to costs upon a contention it carried the day on two counts. First, it argues, it was successful in having the district court declare Arrow's advertising claim was false. Second, Wheatley contends it obtained a permanent injunction against any further assertion of that claim. We regard those successes with little enthusiasm.
 
 
 14
 We assume without proof of false advertising the injunctive order could not have entered, thus, Wheatley exaggerates the breadth of its victory. Indeed, it simply bisects the outcome of its injunctive claim. Because Wheatley's first asserted "success" was a necessary part of its second, the argument is redundant. Further minimizing the value of Wheatley's asserted victory is the fact Arrow virtually conceded its false advertising by withdrawing its advertising claim after the institution of this action.
 
 
 15
 Moreover, without a contest over the issue of false advertising, the only matter left for the district court to decide was how to fashion a remedy. Indeed, under the circumstances, an injunctive order of some kind was foregone with Arrow's virtual concession. Thus, the record fails to support Wheatley's zealous claims of success.
 
 
 16
 This reduces the argument on appeal to the fact that the district court simply awarded costs to Arrow and denied them to Wheatley. From the record presented to us, we cannot say either of the court's orders is reversible.
 
 
 17
 As we noted in Howell, the award or denial of costs when a party has been only partially successful becomes a matter for the exercise of judicial discretion. Thus, the only way Wheatley can prevail here is by demonstrating the district court abused that discretion. That has not been attempted, let alone accomplished.
 
 
 18
 We think Wheatley's utter failure to deal with the only possible justiciable issue in the case makes this appeal frivolous. The judgment of the district court is AFFIRMED, and appellee's request for double costs under 28 U.S.C. § 1912 is GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In its brief, Arrow asserts that the costs Wheatley sought were incurred for and during the trial which ended in a verdict favoring Arrow. Our examination of the material in Appellant's Appendix lends credence to that assertion